## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NELSON RODRIGUEZ FERNANDEZ;<br>CARMEN LYDIA REXACH FELICIANO;<br>MICHELLE RODRIGUEZ REXACH;<br>CRISTINA RODRIGUEZ REXACH | CIVIL NO. |
| | IN ADMIRALTY |
| Plaintiffs | |
| v. | |
| HECTOR T. HOYOS ALIFF; MARIA E.<br>LOPEZ AND THE COMMUNITY<br>PROPERTY PARTNERSHIP<br>CONSTITUTED BETWEEN HER AND<br>HECTOR HOYOS; JULIO AVILA; JANE<br>ROE AND THE COMMUNITY<br>PROPERTY PARTNERSHIP<br>CONSTITUTED BETWEEN HER AND<br>JULIO AVILA; HOYOS, INC., JOHN DOE<br>CORPORATION; ABC INSURANCE<br>COMPANY; EFG INSURANCE<br>COMPANY; XYZ INSURANCE<br>COMPANY | |
| Defendants | |



RECEIVED & FILED
06 MAR 21 PM 4:33
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN

## COMPLAINT

**TO: THE HONORABLE COURT:**

COME NOW the plaintiffs, Nelson Rodríguez Fernández and Carmen Lydia Rexach Feliciano, for themselves and in representation of their minor children Michelle Rodríguez Rexach and Cristina Rodríguez Rexach, through their undersigned attorneys, and complaining of the defendants, respectfully allege, show and pray as follows:

## JURISDICTION

1.      This Court has jurisdiction over this action because it is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and is an admiralty and maritime claim

within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court also has supplemental jurisdiction under 28 U.S.C. §1367 because there are claims which are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

2.      Plaintiffs Nelson Rodríguez Fernández and Carmen Lydia Rexach Feliciano are married between them and are the father and mother of plaintiffs Michelle Rodríguez Rexach and Cristina Rodríguez Rexach. All plaintiffs reside at Calle 2 A-4 Paseo Mayor, Los Paseos, San Juan, Puerto Rico 00926. Plaintiffs Michelle and Cristina Rodríguez Rexach are minors and, therefore, represented in this action by their parents.

3.      Upon information and belief, defendants Héctor Hoyos Aliff and María E. López are married and have constituted between them a community property partnership. These codefendants reside at Calle J #1, Villa Caparra, Guaynabo, Puerto Rico.

4.      Upon information and belief, codefendant Julio Avila is married to Jane Roe, have constituted between them a community property partnership and reside at Condominio Playa Blanca, Apt. 302, Carolina, Puerto Rico. At all relevant times, including March 23, 2005, codefendant Julio Avila was an employee of codefendants Héctor Hoyos Aliff and/or María E. López and/or Hoyos, Inc. and/or John Doe Corp.

5.      Hoyos, Inc. and John Doe Corporation are a corporations owned and/or controlled and/or alter egos of codefendant Héctor Hoyos Aliff which may be liable to the plaintiffs for the damages claimed in this action. Plaintiffs are unaware of the true name of John Doe Corporation and, therefore, sue this defendant by such fictitious name. Plaintiffs will amend this Complaint to allege the true name and capacity when such has been ascertained.

6.      ABC, EFG and XYZ Insurance Companies are insurance companies which at the time of the events giving rise to the instant action had issued and inforce one or more insurance policies which provide coverage for the damages claimed herein.

### FACTS COMMON TO ALL CAUSES OF ACTION

7.      On or about March 23, 2005 the four named plaintiffs embarked on an ocean voyage from Puerto Rico to and through the US and British Virgin Islands.  The voyage took place aboard M/V Sin Fin, as 55 Feet Viking motor vessel, and aboard M/V Baby Sin Fin, a 20 feet Edgewater power boat, serving as a tender to M/V Sin Fin.  Plaintiffs Nelson Rodríguez Fernández and Carmen Lydia Rexach Feliciano are, and were, at all relevant times, the owners of the vessels described in this paragraph.

8.      At all relevant times, codefendants Héctor Hoyos and María E. López, and/or Hoyos, Inc. and/or John Doe Corporation were the owners of M/V Enterprise, a 67 feet pleasure craft and its tender T/T Enterprise, a 27 feet Edgewater power boat.

9.      On or about March 20, 2005 M/V Enterprise, embarked on an ocean voyage from Puerto Rico to and through the US and British Virgin Islands.  Marine Vessel T/T Enterprise, was part of the voyage and served as tender to M/V Enterprise.  At all relevant times during the voyage M/V Enterprise and its tender were under the command of codefendant Julio Avila, a licensed captain.

10.      On March 23, 2005 plaintiffs Michelle and Cristina Rodríguez, together with several friends, were aboard the Edgewater 20 T/T Sin Fin in waters off the coast of the island of Virgin Gorda, British Virgin Islands. T/T Enterprise was following T/T Sin Fin. Aboard T/T Enterprise were Michael and Ian Hoyos, sons of codefedant Héctor Hoyos Aliff and María E. López.  Also aboard T/T Enterprise were eight (8) other persons, including codefendant Captain Julio Avila.

11.     While traveling at a speed of close to 30 knots T/T Enterprise collided with T/T Sin Fin.  The bow of T/T Enterprise hit the rear starboard side of T/T Sin Fin, going over said vessel with its hull and propeller and exiting through the rear port side of T/T Sin Fin. The collision resulted in significant damage to the hull and engine of T/T Sin fin.

12.     The collision described in the above paragraph was a result of the negligent operation of T/T Enterprise.  T/T Enterprise was traveling at an imprudent speed and its captain and crew failed to exercise due care and seamanship while following and attempting to overtake T/T Sin Fin.

## FIRST CAUSE OF ACTION
### (Maritime Tort)

13.     Plaintiffs repeat and re allege, as if fully set forth herein, paragraphs 1 thru 12 of the Complaint.

14.     As a result of the negligent operation of T/T Enterprise, which resulted in the collision described above, co-plaintiff Michelle Rodríguez was impacted by the hull of T/T Enterprise and suffered severe injuries and pain in her back, head, right arm and right knee.  As of the date of this Complaint, one year after the collision, Michelle presents a scar across her back of over eight inches in length.

15.     As a result the collision described above other passengers aboard T/T Sin Fin also suffered injuries and bleeding including Michelle's sister Cristina, resulting in a state of terror, caos and fear for the loss of life of those aboard T/T Sin Fin.  This has caused co-plaintiff Michelle Rodríguez profound psychological trauma requiring psychological treatment.

16.     As a result of the physical and emotional injuries and traumas described above Michelle Rodríguez claims damages in the amount of $500,000.00.

## SECOND CAUSE OF ACTION
(Maritime Tort)

17.     Plaintiffs repeat and re allege, as if fully set forth herein, paragraphs 1 thru 16 of the Complaint.

18.     As a result of the negligent operation of T/T Enterprise, which resulted in the collision described above, co-plaintiff Cristina Rodríguez suffered injuries to her left foot and other parts of her body.  Cristina witnessed T/T Enterprise impacting T/T Sin Fin and causing injuries to her sister Michelle and other passengers aboard said vessel, resulting in a state of terror, caos and fear for the loss of life of those aboard T/T Sin Fin.  This has caused co-plaintiff Cristina Rodríguez psychological trauma requiring psychological treatment.

19.     As a result of the physical and emotional traumas described above Cristina Rodríguez claims damages in the amount of $350,000.00.

## THIRD CAUSE OF ACTION
(Tort on the PR Code)

20.     Plaintiffs repeat and re allege, as if fully set forth herein, paragraphs 1 thru 19 of the Complaint.

21.     As a result of the collision described above co-plaintiffs Nelson Rodríguez and Carmen Rexach witnessed their only two children physically injured and psychologically traumatized; had to take their  injured children and other injured passengers aboard T/T Sin Fin to a hospital in Tortola (BVI) in an attempt to seek emergency treatment for them. Subsequently, upon their return to Puerto Rico, Rodríguez and Rexach have had to take their two only children to numerous physicians for diagnosis, treatment and therapies for their physical and emotional injuries; have witnessed their two daughters in physical pain and suffering from anxiety and depression including trouble

sleeping, waking up with nightmares and panic attacks.  All of this has caused intense mental pain, suffering, anxiety and depression to co-plaintiffs Nelson Rodríguez and Carmen Rexach, for which they each claim the sum of $175,000.00 as damages.

**WHEREFORE** it is respectfully requested that the present complaint be granted and judgment be entered against defendants finding them jointly liable to the plaintiffs for the damages claim herein, as well as for cost and attorney fees.

**RESPECTFULLY SUBMITTED.**

In  Juan, Puerto Rico, this 21st  day of March, 2006.

**MUÑOZ BONETA BENITEZ
PERAL & BRUGUERAS**
P.O. Box 191979
San Juan, P. R.  00919-1979
Tel. (787) 751-9393
Fax (787) 282-0307

_____
**ENRIQUE PERAL**
USDC-PR No. 202802